IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KIRK ARDELL SJODIN,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTIONS TO PRODUCE<br><br>Case No. 4:22-cr-00105-RJS-PK<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Paul Kohler |

This matter is before the Court on motions filed by Defendant Kirk Ardell Sjodin requesting discovery.[1] The United States has responded detailing its discovery disclosures and attests that it understands and will comply with its discovery obligations as required by *Brady*, *Giglio*, the Jencks Act, the Federal Rules of Criminal Procedure, and this Court's Local Rules of Practice.[2]

The United Sates' discovery obligations are governed by Rule 16, *Brady*, *Giglio*, and the Jencks Act.[3] Rule 16 requires the United States to disclose any oral statement of a defendant, a defendant's written or recorded statement, the defendant's prior record, certain documents and objects, reports of examinations and tests, and expert witnesses. *Brady* requires the United States disclose evidence that is favorable to the accused and material as to either guilt or punishment.[4]

---

[1] Docket Nos. 41, 51, 60, 78, and 88.

[2] Docket No. 70.

[3] *United States v. Griebel*, 312 F. App'x 93, 96 (10th Cir. 2008).

[4] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

1

*Giglio* requires the disclosure of impeachment evidence of a government witness.[5] And the Jencks Act requires disclosure of statements made by a testifying witness called by the prosecution.[6]

Defendant makes vague claims that the United States has failed to comply with its disclosure obligations.[7] Such vague and conclusory statements are insufficient to demonstrate that the government has been delinquent in its disclosures.[8] As set out in the United States Response Statement Regarding Discovery Disclosures,[9] the government has provided Defendant with discovery a number of times in a variety of ways, including hand delivery and email. Based on this Response, the Court concludes that the government has complied with its discovery obligations and has represented that it will continue to do so.

Defendant does point to certain specific items that he asserts have not been produced that he believes should have been, including: Officer Hughes' Advanced Roadside Impaired Driving Enforcement ("ARIDE") certification; Defendant's interstate compact transfer report and probation/parole reports from a previous case; a 2020 police report from Oklahoma; an "unauthorized person notice;" and evidence supporting some of the statements set out in Officer Hughes' police report and search warrant affidavit.

As to Officer Hughes' ARIDE certification, it is unclear whether such certification exists. Even if it does, Defendant has not shown it is discoverable under the authorities cited above.

---

[5] *Giglio v. United States*, 405 U.S. 150, 154 (1972).
[6] 18 U.S.C. § 3500.
[7] Docket No. 76, at 4, 8; Docket No. 81, at 2.
[8] *United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017).
[9] Docket No. 70.

With respect to the documents related to his prior criminal cases, Rule 16(a)(1)(D) does require the government to furnish Defendant with "a copy of the defendant's prior criminal record that is within the government's possession, custody, or control." There is no evidence that these particular documents are within the government's possession, custody, or control.

Third, Defendant provides no authority that the government must provide an "unauthorized person notice." To the extent that Defendant is requesting the United States provide him notice that he was allegedly a restricted person, that notice is provided by the Indictment, which constitutes probable cause that he committed the acts alleged.[10] As to the evidence to support the statements made by Officer Hughes' police report and search warrant affidavit, those documents make clear that Officer Hughes' statements are based on his personal observations.[11]

Finally, Defendant complains that he has been deprived of his legal mail as a result of being placed on lockdown. However, the Inmate Property Inventory Form Defendant provided shows that his legal materials were placed in the property room.[12] It appears that only the envelopes were destroyed.[13] Moreover, Defendant does not address the other means by which he has received discovery. From the record before the Court, it does not appear that Defendant has been permanently deprived of any discovery. Should Defendant believe that he is missing any specific discovery, he may alert the Court.

---

[10] *United States v. Stricklin*, 932 F.2d 1353, 13555 (10th Cir. 1991).

[11] Docket No. 78, at 7

[12] Docket No. 82, at 2.

[13] *Id.*

3

It is therefore

ORDERED that Defendant's Discovery Motions (Docket Nos. 41, 51, 60, 78, and 88) are DENIED WITHOUT PREJUDICE.

DATED this 24th day of February, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

4