IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIRK ARDELL SJODIN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 4:22-cr-00105-RJS-PK<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant Kirk Ardell Sjodin, Jr.'s request for the issuance of subpoenas.[1] For the reasons discussed below, the Court grants the motion in part and denies it in part.

An indigent defendant does not have an absolute right to subpoena witnesses at the government's expense.[2] Federal Rule of Criminal Procedure 17(b) requires a court to issue a subpoena "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." In this context, "'[n]ecessary' means 'relevant, material and useful.'"[3] The burden is with the defendant to demonstrate particularized need.[4] This typically entails specific statements concerning the substance of the witness's testimony.[5] A

---

[1] Docket No. 113, filed March 21, 2023.

[2] *United States v. Rogers*, 921 F.2d 1089, 1094 (10th Cir. 1990)

[3] *United States v. Hernandez-Urista*, 9 F.3d 82, 84 (10th Cir. 1993) (quoting *United States v. Gallagher*, 620 F.2d 797, 799 (10th Cir. 1980)).

[4] *Id.*

[5] *United States v. Bloomgren*, 814 F.2d 580, 585 (10th Cir. 1987).

trial court may properly refuse to issue a subpoena when the defendant fails to set forth the expected testimony of a witness.[6]

Here, Defendant seeks the issuance of subpoenas for five witnesses. With four of these witnesses—Bendan O'Driscoll, Jason Wenzell, Jeff Jones, and Judge on Case #CM 2020-204—Defendant fails to identify them let alone set forth their expected testimony. As a result, the Court declines to issue subpoenas as to those individuals.

With the final witness—Ron McGee—Defendant identifies him as his former defense attorney. Defendant also asserts that Mr. McGee told Defendant that Defendant was not a restricted person. Defendant's knowledge, or lack thereof, of his restricted status is a key issue in dispute in this case. The government must prove that Defendant "knew he belonged to the relevant category of persons barred from possessing a firearm."[7] Defendant's former counsel's alleged statement as to Defendant's restricted status is relevant to whether Defendant possessed the requisite knowledge. Thus, Defendant has demonstrated that his former attorney's testimony is necessary for an adequate defense and the Court will issue a trial subpoena for Mr. McGee.

IT IS HEREBY ORDERED that a subpoena be issued to the following:

Ronald McGee
2231 OK-88
Claremore, OK 74017

The Clerk of Court is directed to prepare and issue a subpoena commanding Mr. McGee to appear at the United States District Court for the District of Utah, Southern Region, 206 West Tabernacle Street, Room 2200, St. George, Utah, 84770 on April 26, 2023, at 9:00 a.m. The

---

[6] *Hernandez-Urista*, 9 F.3d at 84.

[7] *Rehaif v. United States*, ---U.S.---, 139 S. Ct. 2191, 2200 (2019).

Clerk of Court shall provide the subpoena to the United States Marshal Service for service. Costs incurred by process and fees of the witnesses so subpoenaed shall be paid by the government.

DATED this 23rd day of March, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge