IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KIRK ARDELL SJODIN,<br><br>　　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S REQUEST FOR SUBPOENA<br><br>Case No. 4:22-cr-00105-RJS-PK<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Paul Kohler |

　　　This matter is before the Court on request filed by Defendant Kirk Ardell Sjodin requesting the issuance of a subpoena duces tecum for police reports and body cam footage arising out of an encounter with law enforcement in Pawnee, Oklahoma in 2020.[1]

　　　Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."[2]

---

[1] Docket No. 136.

[2] *United States v. Abdush Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)).

Defendant, as the party requesting production has the burden of showing good cause for production prior to trial.[3] "In order to meet this burden, [Defendant] 'must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity.'"[4] Because the subpoenas are requested ex parte, the Court has the duty to ensure that Rule 17 is not being used as an additional means of discovery[5] before authorizing the subpoenas.

To demonstrate relevance, Defendant must show that there is a "sufficient likelihood" that the materials sought contain evidence "relevant to the offense[] charged in the indictment."[6] Here, Defendant fails to show that the police reports and body cam footage from an unrelated encounter with law enforcement are relevant to the offense charged in this action. To prevail in this case, the government must demonstrate: (1) Defendant knowingly possessed a firearm; (2) Defendant was previously convicted of a felony; (3) Defendant had knowledge that he was convicted of a felony; and (4) the firearm moved at some time from one state to another.

One of the primary issues in this case is whether Defendant knew he had a prior felony conviction. The predicate felony conviction is based on Defendant's 2003 conviction of assault with a firearm on a person out of California. Defendant fails to demonstrate that his encounter with law enforcement in Pawnee, Oklahoma in 2020 has any bearing on his knowledge concerning his 2003 conviction. Without more, the Court must deny Defendant's request.

---

[3] *United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997) (quoting 2 Wright, Federal Practice and Procedure: Criminal 2d § 274, at 155).

[4] *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700)).

[5] *Beckford*, 964 F. Supp. at 1022-23.

[6] *Nixon*, 418 U.S. at 700.

It is therefore

ORDERED that Defendant's Request for Subpoena (Docket No 136) is DENIED WITHOUT PREJUDICE.

DATED this 13th day of April, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge