IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>KIRK ARDELL SJODIN,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RESTRAINING ORDER<br><br>Case No. 4:22-cr-00105-RJS-PK<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Paul Kohler |

  This matter is before the Court on Defendant Kirk Ardell Sjodin's Motion for an Emergency Restraining Order against the Washington County Jail.[1] For the reasons discussed below, the Court DENIES the motion.

  As a general rule, federal prisoners can only challenge their conditions of confinement in a civil lawsuit pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*.[2] The distinction between a civil rights § 1983 claim and a *Bivens* claim depends on whether the defendant is a federal or state agent.[3] The Tenth Circuit has repeatedly

---

[1] Docket No. 119, filed March 27, 2023. The last two pages of Docket No. 119 have been re-docketed at Docket No. 140 as a separate exhibit to the motion to dismiss.

[2] 403 U.S. 388 (1971); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the conditions of his confinement must do so through a civil rights action."); *Merryfield v. Kansas*, No. 09-3140-RDR, 2009 WL 3125470, at *4, n.10 (D. Kan. Sept. 25, 2009) (same).

[3] *United States v. Casner*, No. 21-cr-286-WJM, 2022 WL 16527721, at *2, n.3 (D. Colo. Oct. 27, 2022); *see also Sinkfield v. Grady Cnty. Law Enforcement Ctr.*, No. CIV-19-597-F, 2019 WL 6570229, at *1 (W.D. Okla. Oct. 28, 2019).

1

affirmed district courts' denials of such claims when defendants raise them in criminal cases instead of separate civil actions.[4]

Most challenges to the conditions of confinement arise post-conviction,[5] but the Tenth Circuit has implied that it would apply the same rules to challenges raised by pretrial detainees.[6] The primary exception to the general rule requiring defendants to file a separate civil action to challenge confinement conditions applies when confinement conditions interfere with a pretrial detainee's access to counsel.[7] This Court is aware of only three additional instances where federal courts have granted relief to a defendant who filed a motion in their criminal case complaining of conditions of confinement unrelated to the right to counsel.[8] Only one of those three situations is potentially applicable in this case.

---

[4] *See e.g.*, *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) (the district court properly denied defendants' claims raised in motions that were filed in their respective criminal cases rather than in separate civil rights complaints); *United States v. Wade*, No. 3:07-CR-00111-RRB-JDR, 2009 WL 3837151, at *1 (D. Alaska Nov. 13, 2009) ("Any claims concerning the conditions of confinement cannot be brought in the federal criminal case."); *United States v. Luong*, No. CR. 99-433 WBS GGH, 2009 WL 2852111, at *1 (E.D. Cal. Sept. 2, 2009) ("[T]he proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case.").

[5] *See e.g.*, *Wills v. Barnhardt*, No. 21-1383, 2022 WL 4481492 (10th Cir. Sept. 27, 2022); *Davis v. Fox*, 701 F. App'x 715 (10th Cir. 2017); *Palma-Salazar*, 677 F.3d at 1031; *Muhammad v. Wiley*, 330 F. App'x 165 (10th Cir. 2009); *Davis v. True*, No. 20-1447, 2022 WL 1218633 (10th Cir. Apr. 26, 2022).

[6] *See e.g.*, *United States v. Folse*, Nos. CR 15-2485 JB & 15-3883 JB, 2016 WL 3996386, at *15 & n.8 (D.N.M. June 15, 2016); *United States v. Loera*, No. CR 13-1876 JB, 2017 WL 3098257, at *27 & n.14 (D.N.M. June 22, 2017).

[7] *Loera*, No. CR 13-1876 JB, 2017 WL 3098257, at *28 (citing *Wade*, No. 3:07-CR-00111-RRB-JDR, 2009 WL 3837151, at *1).

[8] *United States v. Daprano*, No. CR 04-2040 JB/KBM, Order at 1–2, filed August 24, 2007 (Doc. 166) (finding that an inmate's complaint of confinement conditions needed to be addressed in the criminal case because the inmate's health condition deteriorated to the point

In *United States v. Williams*, a district judge in Tennessee granted a defendant's request to be moved to a different facility—a challenge to confinement conditions—even though the request was filed in the criminal case and not a separate civil rights action.[9] The judge reasoned that the defendant's complaints of inadequate nutrition, hygiene, and medical care could impede the defendant's ability to assist in his defense and thus needed to be addressed in the criminal case to avoid delays.[10]

Here, Defendant is a pretrial detainee in the Washington County Jail. He requests a restraining order against the jail facility, alleging that the facility and its employees have subjected him to "cruel and unusual punishment" and "ongoing harassment" by writing him up for rule violations and placing him in solitary confinement. Defendant is not challenging the fact or duration of his confinement, but rather is complaining about the conditions of his confinement at the jail facility. As a result, Defendant should have raised his claims in a separate civil rights action unless he can show that the conditions of his confinement either (1) interfered with his access to counsel, or (2) impeded his ability to assist in his defense.

In the motion, Defendant fails to show that his confinement has interfered with his access to counsel; he represents himself in this case, at his own insistence. And the motion presents no

---

where he would suffer permanent damage absent immediate treatment); *United States v. Williams*, No. 3:09-0090, 2009 WL 4824940, at *1 (M.D. Tenn. Oct. 26, 2009) (finding defendant's complaint regarding confinement conditions needed to be addressed quickly so as not to impede his ability to assist in his defense); *United States v. Ramirez-Robles*, No. CR.A. 06CR00485MSK, 2007 WL 2021852, at *2 (D. Colo. July 11, 2007) (the court ordered a medical evaluation rather than provision of particular medical treatment pursuant to the Court's authority to review detention under 18 U.S.C. § 3142(g)).

[9] No. 3:09-0090, 2009 WL 4824940, at *1.

[10] *Id*.

evidence that Defendant's confinement interferes with his access to his advisory counsel. Nor does the record support a finding that these restrictions interfere with Defendant's ability to prepare his defense. Additionally, while Defendant alleges being in solitary confinement impedes his access to his legal assistant and research materials, he has effectively waived these complaints by repeatedly rejecting this Court's offers to transfer him to a different facility.[11] Even if Defendant has not waived these complaints, his allegations are not as severe as the allegations made by the defendant in *Williams*. There is evidence in the existing record that Defendant's own actions have resulted in his loss of privileges at the Washington County Jail. None of the restrictions imposed on Defendant rise to a level so egregious that Defendant should be exempt from the general rule requiring he file his complaints in a separate civil action.

Since Defendant's request for a restraining order constitutes a challenge to the conditions of his confinement, he has raised the complaints in his federal criminal case instead of a separate civil rights lawsuit, and he has failed to produce evidence that his confinement impedes his access to counsel or his ability to assist in his defense, the Court DENIES the motion (Docket No. 119). This denial does not prohibit Defendant from pursuing these claims in a separate civil action like he has done in the past.[12]

---

[11] Docket Nos. 50, 128, 131.

[12] *See Sjodin v. United States*, No. 4:23-cv-00019-DN (D. Utah Mar. 13, 2023); *Sjodin v. United States*, No. 4:23-cv-00004-RJS (D. Utah Jan. 10, 2023).

SO ORDERED this 13th day of April, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge
