THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIRK ARDELL SJODIN,<br><br>Defendant. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Case No. 4:22-cr-00105-RJS-PK-1<br><br>Chief District Judge Robert J. Shelby<br>Magistrate Judge Paul Kohler |

A federal grand jury in the District of Utah returned a one-count indictment against Kirk Ardell Sjodin for allegedly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1]  A bench trial was held on the charge on April 26, 2023.[2]  The court makes the following findings of fact and conclusions of law based on the evidence submitted at the trial and arguments made by the parties.

### FINDINGS OF FACT

The factual record in this case is extremely limited.  As explained more fully below in the Legal Standard section, the charged count has four elements.  Mr. Sjodin stipulated at trial that the government had met its burden establishing the first, second, and fourth elements beyond a reasonable doubt as required to prove the charge.  Additionally, four of the governments exhibits and two exhibits from Mr. Sjodin were admitted as part of the trial record.  No testimony was elicited at trial from either party.  Based on the stipulated facts, the court finds the following:

---

[1] Dkt. 1, filed September 28, 2022.

[2] Dkt. 175, filed April 26, 2023.  Mr. Sjodin requested a bench trial in this matter. The court and government consented to hold a bench trial after the court conducted a colloquy and confirmed Mr. Sjodin knowingly and voluntarily waived his right to a jury trial.  Dkt. 160, filed April 13, 2023; Dkt. 161, filed April 13, 2023; *see also* Dkt. 163, filed April 17, 2023.

1. Mr. Sjodin was knowingly in possession of a Marlin .22 rifle ("Firearm") late on the night of August 30, 2022 into the morning of September 1, 2022 when he was pulled over by the St. George police;

2. Mr. Sjodin transported the Firearm interstate from Oklahoma to Utah;

3. Mr. Sjodin was convicted of a crime punishable by more than one year imprisonment (a "Felony") in 2003 in the Superior Court for Kern County, California, case no. MF005876A ("California Case").[3]

Additionally, based on the evidence admitted at trial, the court finds the following additional facts:[4]

4. On January 21, 2003, Mr. Sjodin was present in court, pleaded nolo contendere, and was found guilty on two felony counts in the California Case.[5]

5. On February 27, 2003, Mr. Sjodin was present in court when he was sentenced to a term of imprisonment of 8 years and 8 months in the California Case.[6]

6. Mr. Sjodin served more than 8 years in California prison based on his conviction in the California Case.

7. Mr. Sjodin had knowledge that he had previously been convicted of a Felony in the California Case at the time he possessed the Firearm on the night of August 31, 2022, into the morning of September 1, 2022.

---

[3] Mr. Sjodin acknowledges he was convicted in of a Felony in 2003 in the California Case, but asserts this conviction was wrongful and stated that he is challenging the conviction in an unrelated California legal action.

[4] Mr. Sjodin made countless references in his opening and closing statements to facts that are not supported by any evidence in the trial record. Accordingly, the court does not rely on Mr. Sjodin's unsworn oral statements and argument.

[5] Govt. Ex. 11 at 12 (Bates labeled BG-KS-00011.12).

[6] Govt. Ex. 11 at 13 (Bates labeled BG-KS-00011.13), Govt. Ex. 12 at 1-2 (Bates labeled BG-KS-00009.01-02).

8. On June 14, 2022, Mr. Sjodin was convicted of four misdemeanor counts in the District Court for the Fourteenth Judicial District of Oklahoma, case no. CM-2020-204 ("Oklahoma Case"), including for driving a motor vehicle while under the influence of drugs, carrying a firearm while under the influence, and possession of a controlled substance and drug paraphernalia.[7]

## LEGAL STANDARD

Mr. Sjodin was indicted for an alleged violation of 18 U.S.C. § 922(g)(1).[8]  This statute makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition . . . ."[9]  In 2019, the Supreme Court clarified that violation of this statute requires the government to "show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."[10]  After *Rehaif*, the elements the government must prove to establish a violation of 18 U.S.C. § 922(g)(1) are: (1) that the defendant knowingly possessed a firearm; (2) that the defendant was previously convicted of a crime punishable by imprisonment for a term longer than one year (a "Felony"); (3) that the defendant knew of their status as a convicted felon; and (4) that the firearm was moved interstate.[11]  The United States need not prove a defendant knows he is prohibited from possessing a firearm.  Instead, the

---

[7] Def. Ex. B at 1.

[8] Dkt. 1, filed September 28, 2022.

[9] 18 U.S.C. § 922.

[10] *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019).

[11] *See id*., 18 U.S.C. § 922(g)(1); *see also* Tenth Cir. Pattern Jury Instruction 2.44.

knowledge creating criminal culpability is a defendant's knowledge of their status as a felon.[12]
Additionally, "[K]nowledge can be inferred from circumstantial evidence . . . ."[13]

## LEGAL CONCLUSIONS

The facts in this case are not in dispute on the limited trial record before the court. There is, however, disagreement about the legal significance and conclusions to be drawn from the facts. Mr. Sjodin stipulated that he that he was in possession of the Firearm from August 31, 2022, into September 1, 2022; was convicted of a Felony in 2003; and that he had previously transported the Firearm interstate between Oklahoma and Utah. Mr. Sjodin stipulated that based on these facts, the government had proven the first, second, and fourth elements of a violation of 18 U.S.C. § 922(g)(1) beyond a reasonable doubt. The remaining question is whether Mr. Sjodin knew of his status as a convicted felon at the time he possessed the Firearm as required by *Rehaif*.[14]

The government argues it has proved beyond a reasonable doubt that Mr. Sjodin knew his status as a convicted felon. The government points to the court records from the California Case showing Mr. Sjodin was present at the time he pleaded and was found guilty of two felony counts, was present when he was sentenced to a term of imprisonment of eight years and eight months, and because Mr. Sjodin acknowledges he served over eight years in prison.[15] The government argues that because there is no evidence that this conviction has been modified, pardoned, or expunged, these facts circumstantially prove beyond a reasonable doubt that Mr. Sjodin knew he was a convicted felon at the time he knowingly possessed the Firearm.

---

[12] *United States v. Benton*, 988 F.3d 1231, 1232 (10th Cir. 2021).

[13] *Staples v. United States*, 511 U.S. 600, 616, 114 S. Ct. 1793, 1802 (1994).

[14] *Rehaif*, 139 S. Ct. 2191, 2194 (2019).

[15] *See* Govt. Exs. 11, 12, 13.

Mr. Sjodin argues that the civil rights he lost with his conviction in the California Case were restored prior to the charge here.  In support of his argument, Mr. Sjodin points to 18 U.S.C. § 921(a)(20) which provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction . . . unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not . . . possess firearms."[16]  Mr. Sjodin argues that because his rights were restored, he is no longer in the class of persons prohibited from possessing a firearm under 18 U.S.C. § 922(g)(1) and could not have knowledge he was a convicted felon as required by *Rehaif.*

The only evidence Mr. Sjodin admitted into the trial record are records from the Oklahoma Case where Mr. Sjodin was charged with a count involving a firearm, but was not charged for possession of a firearm as a convicted felon.[17]  Mr. Sjodin argues that if he was still a convicted felon, he would have been charged as a felon in possession of a firearm in the Oklahoma Case.  In Mr. Sjodin's view, the lack of a charge for felon in possession of a firearm definitively proves his rights were restored.  Mr. Sjodin did not admit any evidence into the trial record regarding his subjective belief about his status as a convicted felon subsequent to his conviction in the California Case.  Nor did Mr. Sjodin admit any evidence from the California Case purporting to expunge, pardon, or restore his rights in the California Case.  Therefore, the only question before the court is whether the Oklahoma Case restored Mr. Sjodin's rights as a matter of law.[18]

---

[16] 18 U.S.C. § 921(a)(20).

[17] Ex. B at 1.

[18] At various stages of the proceedings including his opening and closing statements, Mr. Sjodin referenced a variety of facts which he claims demonstrate he did not know he was a convicted felon. However, Mr. Sjodin did not admit exhibits or elicit testimony on these facts or of his subjective beliefs about his status as a convicted felon. If the constellation of facts Mr. Sjodin referred to were admitted through competent evidence at the trial, this may have

On their face, Mr. Sjodin's admitted records from the Oklahoma Case do not reference Mr. Sjodin's status as a felon, do not reference the California Case, and do not purport to restore Mr. Sjodin's rights or expunge his prior convictions.[19]

Additionally, under 18 U.S.C. § 921(a)(20), "[w]hat constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."[20]  Here, the proceedings of the alleged predicate offense were in California and California law controls a determination of whether the California Case convictions are proper predicate offenses for purposes of 18 U.S.C. § 922(g)(1).[21]

"Under California law, a conviction is not automatically expunged upon expiration of a defendant's period of probation. . . . Rather, a defendant must petition the court and demonstrate that he has fulfilled the conditions of his probation."[22]  Additionally, California's expungement statute specifically provides that "[d]ismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have custody or control of a firearm . . . ."[23]

Consequently, the Oklahoma Case does not, as a matter of law, expunge, pardon, or restore Mr. Sjodin's rights after the conviction in the California Case because California law requires Mr. Sjodin to petition a California court to expunge that conviction.  And even if Mr.

---

raised concerns about how a defendant's subjective belief impacts the knowledge requirement set forth in *Rehaif*. Because evidence of these facts and Mr. Sjodin's subjective belief were not admitted through competent evidence, that question is not before the court.

[19] Ex. A, B.

[20] *Id.*

[21] *United States v. Johnson*, 630 F.3d 970, 976 (10th Cir. 2010).

[22] *United States v. Cox*, 934 F.2d 1114, 1122 (10th Cir. 1991), *see also* Cal. Penal Code § 1203.4.

[23] Cal. Penal Code § 1203.4, *Cox*, 934 F.2d at 1122 (noting that in California "a defendant whose sentence is set aside is expressly prohibited from owning or possessing firearms").

Sjodin had obtained expungement in California, he would still be prohibited from possessing firearms under California's expungement statute.  And because 18 U.S.C. § 921(a)(20) permits the use of an expunged conviction as a predicate offense for 18 U.S.C. § 922(g)(1) if "such pardon, expungement, or restoration of civil rights expressly provides that the person may not . . . possess firearms,"[24] Mr. Sjodin's conviction could still be a predicate offense here even if it was expunged.  The lack of a charge for felon in possession in the Oklahoma Case does not expunge Mr. Sjodin's conviction under California law in the California Case.  And the trial record contains no other evidence establishing that the felony convictions from the California Case are not proper predicate convictions for purposes of 18 U.S.C. § 922(g)(1).

Accordingly, the court finds that the evidence that Mr. Sjodin was present at his plea and conviction, present at his sentencing, and incarcerated for more than eight years on the convictions in the California Case proves beyond a reasonable doubt that Mr. Sjodin knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

Mr. Sjodin argued at trial that other authorities and statutes support his position that the Oklahoma Case restored his rights and prevent this court from determining he had knowledge that he was a convicted felon.  However, as explained above, California law controls the validity of Mr. Sjodin's California Case convictions and even if it was expunged, California law would still prohibit Mr. Sjodin from possessing a firearm.  Consequently, the California Case convictions are proper predicate offenses here.

The cases and statutes Mr. Sjodin referenced do not demonstrate otherwise. *United States v. Ramos*, a case cited by Mr. Sjodin, is inapplicable here.  First, *Ramos* has been overruled; additionally, the *Ramos* court rejected a defendant's argument that a failure of the state to revoke

---

[24] 18 U.S.C. § 921(a)(20).

firearm licenses after a conviction was evidence he could carry a firearm under federal law as well as an argument that the Defendant's rights had been restored under Massachusetts law.[25]

Neither does *United States v. Miller* change the analysis.  In *Miller*, the issue was whether it was plain error to give a jury instruction that did not include *Rehaif's* requirement that the government prove the defendant knew of his restricted status.[26]  That issue is not present here, where the requirements of *Rehaif* have been incorporated and applied.  Additionally, the court in *Miller* still affirmed the defendant's conviction.[27]

Mr. Sjodin also points to 18 U.S.C. § 3605, arguing that in 2014 jurisdiction over Defendant's parole in the California Case was transferred from the State of California to the State of Oklahoma.  Mr. Sjodin argues that because his parole was transferred, jurisdiction over the California case was permanently transferred to Oklahoma and it was Oklahoma, not California, that restored Mr. Sjodin's rights related to the California Case.  But Section 3605 is inapplicable here because section "3605 authorizes transfer between federal district courts only." Mr. Sjodin's Oklahoma and California Cases are both state cases, making this Section inapposite. Mr. Sjodin offered at trial an exhibit purportedly related to the transfer of his parole in the California Case from California to Oklahoma, but this offered evidence did not comply with the rules of evidence and was not admitted.  And as explained above, even if the responsibilities to supervise Mr. Sjodin while on parole transferred from California to Oklahoma, under 18 U.S.C. § 921(a)(20), it is "the law of the jurisdiction in which the proceedings were held" that controls.  And as explained above, the relevant proceedings were in California,

---

[25] *See generally United States v. Ramos*, 961 F.2d 1003 (1st Cir. 1992), overruled by *United States v. Caron*, 77 F.3d 1 (1st Cir. 1996). *Caron,* which overruled *Ramos,* dealt with restoration-of-rights issues that are not present in this case.

[26] *United States v. Miller*, 954 F.3d 551, 558 (2d Cir. 2020).

[27] *Id*. at 560, 567.

California law controls, California law requires an individual to petition a California court to have rights restored, and does not restore the right to possess firearms.  Therefore, Mr. Sjodin's jurisdictional transfer argument does not establish his rights were restored in the California Case.

Equally inapplicable is Mr. Sjodin's reference to Utah Code Ann. § 76-10-503.1, which is a state law that requires state courts in Utah to provide certain notice to defendants at the time of sentencing in some cases—this statute does not create any notice requirement for federal courts or impact the government's burden to prove a violation of 18 U.S.C. § 922(g)(1).[28]  To be convicted under 18 U.S.C. § 922(g)(1), a defendant does not need to know that he is prohibited from possessing a firearm; the knowledge that must be proven is of the defendant's status, in this case as a felon.[29]

*Hatch v. Oklahoma*, cited by Mr. Sjodin, stands for the proposition that state court factual findings are entitled to a presumption of correctness in federal habeas proceedings.[30]  This does not impact the analysis here; nothing in Mr. Sjodin's admitted exhibits from the Oklahoma Case expressly or implicitly modify the conviction in the California Case.  As explained above, California law controls the modification of Mr. Sjodin's California Case convictions, and there is no evidence in the record this conviction has been modified as required under California law.  Likewise, *Marshall v. Lonberger* stands for the same proposition as *Hatch* and is similarly inapplicable.[31]

In *United States v. Herron*, the court held that a conviction of a defendant could not be a predicate offense for 18 U.S.C. § 922(g)(1) where the defendant received a certificate in

---

[28] Utah Code Ann. § 76-10-503.1.

[29] *Cf. United States v. Benton*, 988 F.3d 1231, 1232 (10th Cir. 2021).

[30] *Hatch v. State of Okl.*, 58 F.3d 1447, 1453 (10th Cir. 1995).

[31] 459 U.S. 422, 431, 103 S. Ct. 843, 849 (1983).

Washington that expressly stated his rights were restored without any limitation on firearm possession.[32]  The record here is devoid of any similar evidence that Mr. Sjodin had his rights restored under California law; *Herron* is not applicable here.

Mr. Sjodin also cited *United States v. Hall*.  This case deals with the impact of Colorado's system creating the automatic restoration of rights after completion of a sentence and whether prior convictions in Colorado could be used as predicate offenses under 18 U.S.C. § 922(g)(1).[33]  *Hall* is irrelevant here because, as previously explained, California law does not employ a similar automatic restoration of rights scheme and prohibits the possession of firearms even after expungement.

In sum, Mr. Sjodin stipulated that the government met its burden establishing beyond a reasonable doubt that Mr. Sjodin was in possession of the Firearm, was previously convicted of a Felony, and that the Firearm was transported interstate.  The court additionally finds that the evidence proves beyond a reasonable doubt that Mr. Sjodin had knowledge of his status of being previously convicted of a Felony.  Accordingly, the court finds Mr. Sjodin GUILTY of violating 18 U.S.C. § 922(g)(1).

Signed May 11, 2023.

BY THE COURT

_____
Robert J. Shelby
United States Chief District Judge

---

[32] 45 F.3d 340, 341-42 (9th Cir. 1995).

[33] *United States v. Hall*, 20 F.3d 1066, 1068-69 (10th Cir. 1994).