TRINA A. HIGGINS, United States Attorney (7349)
ANGELA M. REDDISH-DAY, Assistant United States Attorney (15910)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
(801) 524-5682 | travis.elder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KIRK ARDELL SJODIN,<br><br>    Defendant. | **MOTION FOR ORDER OF FORFEITURE**<br><br>Case No. 4:22-cr-00105-RJS-PK<br><br>Chief Judge Robert J. Shelby |

  Pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the United States of America moves the Court to enter an Order of Forfeiture, and in support states:

  1. On September 28, 2022, the United States charged Kirk Ardell Sjodin in Count One with Felon in Possession of a Firearm in violation of 18 U.S.C. 922(g)(1). Indictment, ECF 1. The indictment notified the defendant that upon conviction, the United States would seek to forfeit any firearms and ammunition involved in the offense under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). *Id*.

  2. The property to be forfeited included a Marlin .22 caliber rifle, SN: 91491559, and associated ammunition. ("Subject Property").

  3. On April 26, 2023, the Court found that defendant guilty of violating 18 U.S.C. § 922(g)(1). *See* Findings of Fact and Conclusions of Law 10, ECF 178. The Court described the

Subject Property's involvement in the commission of the defendant's offense by concluding that after having been convicted of a felony in 2003, the defendant knowingly possessed the Marlin .22 rifle on August 30, 2022, and September 1, 2022, in violation of 18 U.S.C. 922(g)(1). *Id*. at 2-3, 10.

4. As contemplated by Fed. R. Crim. P. 32.2(c)(2), the proposed order also provides that it will become the final order of forfeiture if no third parties file petitions claiming an interest in the forfeited property. For a preliminary order to become a final order, the Court must find that the defendant, or any combination of defendants, "had an interest in the property that is forfeitable under the applicable statute." Fed. R. Crim. P. 32.2(c)(2). The defendant was found in possession of the Subject Property when he was stopped by law enforcement on September 1, 2022. Findings of Fact and Conclusions of Law 2, ECF 178.

5. Under Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(2)(A), if the Court determines that the United States has made the required showing under the statute authorizing forfeiture noted above, the Court must enter an order forfeiting the property without regard to any third-party interest.

6. Based on the defendant having been found guilty, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant committed an offense for which forfeiture is authorized, the Subject Property has the requisite nexus with that offense, and the defendant had an interest in the Subject Property that is forfeitable. Accordingly, the United States requests that the Court so find and order all right, title, and interest in the Subject Property forfeited to the United States.

7.   Under Fed. R. Crim. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

8.   In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n). Prior to becoming final as to third parties, the order requires the United States to comply with various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

9.   Therefore, the United States asks the Court to enter the enclosed order of forfeiture and, as required by Fed. R. Crim. P. 32.2(b)(4)(B), to orally announce the forfeiture at the defendant's sentencing with a reference to the forfeiture order in the judgment.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney


*/s/ Travis K. Elder*
Travis K. Elder
Assistant United States Attorney